May it please the Court, my name is Stephanie Adraktis and I represent Mr. Ross, the petitioner. Under California v. Cunningham, Ross's upper term sentence is constitutional only if at least one of the aggravating factors that the sentencing judge relied upon was established in a manner that's consistent with the Sixth Amendment. Well, just let me stop you right there, because we could look at other factors that the sentencing judge may be... Well, can't we just look at the planning factor and just say, boy, if a jury would have found that planning aggravator, not factor, I'm sorry, the planning aggravator, then under harmless error review, we can just say that that would have been sufficient? Your Honor, a couple of answers to your question. The first is that the planning and sophistication factor, I would argue that they went hand in hand, this allegation that it was sophisticated as well as planned. That wasn't apparent from the testimony that came out of the trial. There was an inference of planning that arose due to Mr. Ross's familial relationship with Mr. Jones, but there wasn't any testimony that suggested or established that they did meet together and plan. There was videotapes showing that they were in the restroom. How would the other guy, I can't remember his name now, the nephew of Jones, how would he have known what the name of the room was where the money was held? Your Honor, I argued this in the brief as well, but everyone that worked at the store knew what the name of the room was. And there was testimony that Byron Harris, who was the person who was holding the cash drawer that was coming up the stairwell when Mr. Jones was coming down, he knew Jones' friends and relatives as well. And so there was plenty of opportunity for Mr. Jones to have learned the name of the cash room by other means. It was no secret that that was the name of the room. And that's a slender thread on which to establish beyond a reasonable doubt that my client, Mr. Ross, had a sophisticated plan that he had concocted with Mr. Jones. But is that something that you would normally talk about? I had a sister who worked at Walmart for years, and we never talked about anything remotely, you know, the procedures on how they do the cash. Is that something that you would talk about casually with your family, you think? I don't know. I can't say that, Your Honor, although there wasn't testimony that Mr. Jones had a sophisticated understanding of how the cash room worked, only that he knew the name of the room. Which one could infer that someone could mention that in conversation. Oh, I, you know, have access to the cash room, or I have to take my stuff up to the cash room. I mean, it seems like that's what Byron Harris was probably doing. Counsel, I have a completely different question, and that has to do in the Court of Appeal decision, Excerpt 72. The court says, talking about the aggravating circumstances, also says, in addition, defendant was previously convicted of a serious felony. And, end quote. Reliance on a prior conviction would not come within the Cunningham rule. And I wonder whether that's independently an adequate basis for the sentence. Your Honor, I don't believe that it is, for a couple of reasons. One is because at the time of Mr. Ross's sentencing, at both sentencing hearings, the government was not asserting at that time that that was a basis for enhance, or for expanding the minimum term to include the nine-year term that was ultimately selected. But regardless of whether they argued that, there's no counterargument, as I recall it, that that would be forbidden for the state courts to take that into consideration. If the record demonstrates the prior serious felony conviction, the court can rely on it, whether it's argued or not, it would seem to me. Your Honor, I don't see any case law that says the court can't consider that. But in this case, and I cited the excerpts of record, the government made specific allegations as to aggravating factors. They didn't say that we're arguing that there's one prior robbery conviction. They said that, specifically, they filed an attachment to the felony information, which is at Clerk's Transcript, second volume, page 189. And it says that the defendant's prior convictions are numerous and of increasing seriousness, and that that's the aggravating factor they're going to rely on. And I believe that in this case, that makes a difference. Because if you're going to give the defendant constitutional due process notice that what he's going to face at the time of sentencing is an allegation of numerous prior convictions that are of increasing seriousness, I do not believe it's consistent with due process in this case to say on appeal for the first time your one prior conviction is enough to enhance or to increase the maximum term. So to just complete the thought, in this case, I think that filing of that amendment to the information makes a difference. And if that hadn't been done, I think the government would have a better argument that, well, you know, they have that one prior serious felony conviction. I do think as well, though, there's a second argument that has to do with the fairness of the sentencing proceeding, and that is when the at the time of sentencing, a sentencing judge faced with the argument, Your Honor, based on this one prior conviction, not only should you increase his maximum term to nine years, but also double it, too, based on that same conviction. A judge may have said, this judge at sentencing, I'm not going to use it both ways. I recognize that the dual use argument that was made in this case was only made with respect to the firearm allegation, but that clearly is a double use of that one single fact, and this is a 20-year-old prior. But counsel, is that a federal claim, though, the dual use? Isn't that based on state law rather than on a Cunningham issue? It is a state law issue, but it interacts with the federal issue in that the dual use of that firearm factor came up for the first time on appeal, and my argument here is, as stated in the brief, is that Cunningham specifically states that the sentencing judge is to make these decisions, and if the dual use issue had come up at the time of the sentencing, if it had been argued, certainly trial counsel would have made an objection at that time and would have had an opportunity to fairly litigate this. But as it was, the dual use of that factor came up for the first time on appeal, an appellate court essentially acting as a sentencing judge, not giving Mr. Ross the opportunity to litigate an argument. Well, I'm not sure why it's acting as a sentencing judge or finding essentially that the record in its current form supports additional reasons for the sentence that was selected. I guess I'm puzzling over whether it's a state law question or a federal law question, whether the appellate court is permitted to look at the record as a whole and say, well, in addition to the things that were mentioned by the sentencing judge, we also notice A, B, and C. Is that a federal question or is that a state law question? Cunningham discusses the function of the sentencing judge. And because that case concerns itself with the defendant's procedural rights at sentencing, I believe that it is a federal question, especially as presented in this case, where for the first time on appeal, sentencing factors are enumerated as being those that increased Mr. Ross's maximum term. I think it would be different if the trial judge had said, here's four or five aggravators, and on appeal the appellate court said three of those are wrong, but they had these other two, and the trial judge specifically considered those. So what was wrong with what the trial, the sentencing judge did, specifically what was wrong? The district court found correctly that the trial judge found that this case was sophisticated and that the victim was terrorized and used those two factors as a basis for aggravating the term without allowing Mr. Ross a jury trial on those factors. And so the trial judge very specifically said that those were the two factors and did not say I'm relying on the firearm allegation, which the judge couldn't have done. I mean, it's very clear that that is a double use of that factor, and I think there would have been a reduction. As a matter of state law, but not as a matter of federal law. Because the firearm use was found by the jury, so that's beyond a reasonable doubt. So there's not an issue about whether the jury was allowed to find it. They did find it. So it could have been used as a matter of federal law. The problem, I think, sort of getting to the same point, is that when the Cunningham issue came up and the Court of Appeal, the California Court of Appeals, faced with a clear, blatant Cunningham error, they essentially violated their own law to get around it. And that's the argument. But is that something that we can give relief on in federal court? If the California court violated California law, then that's of no moment to us on federal habeas, is it? Well, Butler v. Curry does state that there's a very narrow exception to the federal court's general lack of authority to intervene in issues of state law, and that is an issue of this type, where there is a clear and blatant constitutional violation under Cunningham, and where this appellate court's decision did plainly violate its own law and as a way of getting around or remedying that federal violation. And what you're left with there is, I think, this case. This is a case where Mr. Ross was clearly denied his federal constitutional rights at district court, thought it was plain, and it seems that that was an accurate finding. The question then is whether the Court of Appeal, by making those two findings, which are in violation of state law, should fall within that exception. My last question here, I guess, is what are we looking at here? Are we looking at the Court of Appeals' decision here, or are we looking at the original sentencing judge's decision, or both, and why? Your Honor, I think we're looking at both, and I think the district court's opinion here disposes of the trial court's decision correctly. That is that it was clearly wrong under Cunningham, so we pass that level of review, and I think the district court should be affirmed on that point. But then we go to the Court of Appeal decision, which is reviewed under the AEDPA, and my position is that it was a clearly unreasonable application of Cunningham to affirm based on the two points that we've discussed this morning, the firearm use and the single prior conviction. And it's contrary to what was charged in the attachment to the information, and it's contrary to the State's own law. So that unreasonably applied Cunningham in this case, and Mr. Ross should get a new sentencing hearing. Thank you. If I have any more time, I'd like to reserve it. You don't. You're minus 140, but we'll give you a little bit. Thanks. Thank you, Your Honor. Good morning, Your Honors. Deputy Attorney General Dana Muhammad-Ali for the warden. May it please the Court. Your Honors, I'd like to address the question of whether the harmless error analysis and that the planning and sophistication factor, whether the jury would have found that true beyond a reasonable doubt. And aside from the fact that Petitioner in this case was a defendant, his co-defendant's uncle, and also worked in the store that was robbed, the jury found Petitioner guilty as an aider and abetter. So that finding can give supports to the district court's finding that the error was harmless because the jury would have found that factor true beyond a reasonable doubt. Found what factor true? That the crime involved planning and sophistication because the jury, Petitioner wasn't involved directly with the crime. He wasn't there. His co-defendant carried out the crimes, and the jury found him guilty as an aider and abetter, so that necessarily supports the finding. Why? Because there was some sort of planning involved that the jury would have had to, by the theory that in order to find Petitioner guilty in this case, who wasn't actually present, who didn't commit the crimes directly against the victims, had some sort of discussion, had some sort of hand in helping these crimes. Helping is different than planning. I agree with that, Your Honor. But I guess I'm inartfully saying that the crime itself, for Petitioner to be involved in it, and the jury found that he was guilty as an aider and abetter, he had to have spoken with his nephew, given him information about the cash room in the store, and then he was caught on surveillance tape going into a bathroom with his nephew, the co-defendant, shortly before the crime occurred. So all of those factors support the district court's finding that the jury would have found true beyond a reasonable doubt that the crime involved planning and sophistication. Counsel, if we were to agree with the Petitioner and send this case back for resentencing, what would happen? With the whole procedure, normally it's a completely open record. So what would happen? Could the State prove up now all the prior serious felony convictions and all the other things that the Court of Appeal relied on anyway? Well, Your Honor, that's an interesting question because California has revised In response to Cunningham, California has revised its sentencing, the determinant sentencing law. And so if this was sent back for sentencing, the trial judge could use any basis in imposing any of the three terms and Well, let's assume that, I don't know that we have any decisions on this or we don't, but let's assume that the sentencing law in effect at the time of the crime would still apply to him. It might or it might not, depending on the double jeopardy ex post facto analysis of that. But even under the old regime, would the State be limited to the reasons that were initially given or would it be a complete new sentencing proceeding? Well, I think it would be, if it were remanded, it would be a complete new sentencing proceeding. However, when this was one of the questions that was raised in the briefing, Petitioner has, he waived before trial his right to a jury trial on the aggravating factors, on the sentencing factors. And, you know, that waiver carried over to this resentencing because when the Court of Appeal on the first direct appeal remanded, it was simply in light of the fact that they reduced one of the counts, the indeterminate sentence, to a count that only carried a determinate sentence. So it was a simple remand just for resentencing. So I would say that Petitioner is foreclosed from now claiming that his Sixth Amendment right was violated by the judge imposing the upper term on these factors that were not found by a jury. In addition, at the second resentencing, the Court, in denying Petitioner's motion to strike his prior conviction under People v. Romero, made findings that Petitioner was a recidivist and that he used weapons in the commission of the crime. So those factors which the Court of Appeal relied on in upholding the upper term sentence were actually found by the trial court, albeit related to the Romero motion that was made by Petitioner in the beginning part of the resentencing hearing. So the error, any Cunningham error, was harmless because of those reasons. Counsel, let me just ask you, though, briefly about the double counting issue. I guess you concede that that would be a violation of state law to rely on it? That is a violation of state law alone, so it's not cognizable on federal habeas corpus review, and the district court properly found that to be the case. Well, but I wouldn't guess that state courts can just, if they're blatantly trying to avoid a federal constitutional problem, I just, it doesn't seem right that they could just, you know, through that kind of mechanism of, you know, not comply with the federal constitution, and then you come in and say, oh, well, you're powerless to do anything about that. I agree, Your Honor. If that were the case, if it were the case of the court trying to blatantly avoid that, which we submit that that is not the case. It seems to me, although what the Court of Appeal did was unusual in this case, that it almost employed a harmless error analysis and found that these factors that were relied upon by the trial court, the planning and sophistication and that the victim was particularly terrorized, fell outside of Cunningham and therefore could have potentially violated the federal constitution, and so went on to a harmless error analysis and found factors that were compliant with Cunningham. Now, those happen to violate California's prohibition against dual use of aggravating factors. Nevertheless, that's not what the trial court did in this case. So, but, again, it's not cognizable in this court, and therefore it's not something that we can address. Let me be sure that I understand your waiver point. In your view, there is no Cunningham error to begin with because there was a waiver of that specific right. So whatever was initially done, in your view, wasn't a violation at all. That's correct, Your Honor. Is that a correct understanding of your argument? That's correct, Your Honor. And I would like to note that Petitioner waived his rights to a jury trial on the aggravating factors and on the prior conviction. And on resentencing, there wasn't a whole new court trial on whether he actually had a prior conviction. That was already litigated in the first trial. So Petitioner waived his rights under Cunningham, his Sixth Amendment right, to a jury trial on the aggravating factors, and he couldn't come back at this resentencing to actually and after the jury had been dismissed and say, you know what, this violates my rights to a jury trial. I want a jury trial on the sentencing factors. But if you're going back on a resentencing, what case says that a waiver that's given for the first sentence carries over to the second sentence? What case are you relying upon? There is actually no case. I'm not relying on any cases here because it's kind of an unusual circumstance. However, if we look at what happened during the initial waiver, when the trial court was kind of going through its admonitions and explaining what rights Petitioner was giving up in signing this waiver, the court also specifically said, and this is an excerpt of the record, page 111, that if the court were to impose probation and later on Petitioner violated his probation and there was a sentencing on the probation violation, that that waiver carries over to that. So I would submit that that waiver necessarily would carry over to a resentencing. But you could argue that both ways. You could say it's limited to a probation resentencing but not to a new resentencing. So that cuts both ways, actually. I can see that, Your Honor. I think that what really supports it in this case is that the remand was simply to let the trial court exercise its discretion in light of this, in light of reducing the indeterminate sentence to a count that only carries a determinate sentence. So it was simply to remand it back so that the trial court, now with this new information, could exercise its discretion and restructure the sentence as it saw fit. At the time of the initial waiver, had Cunningham been decided? At the time of the initial waiver, I know that Blakely had been decided, so it was a Blakely waiver. Cunningham was decided in January of 2007. So I think it was not at the time the waiver was executed. So wouldn't that make a difference in terms of whether or not someone, you know, would have waived the right? Well, I think Blakely is a case that is consistent with Cunningham. It basically, what Petitioner waived away was his right to a jury trial on the sentencing factors. And Cunningham addresses your right to a jury trial on any factor that would increase or aggravate the sentence. So that waiver is compliant with Cunningham. And here in this case, Petitioner explicitly waived his rights to a jury trial on any of the sentencing factors. And therefore, as the district court properly found, there was no error because he waived away those rights and the trial court could find those factors without a jury trial. So I think I've addressed all of the court's questions. And for the reasons that we've stated in our briefs and our argument, respondent respectfully requests that the district court judgment be affirmed. Thank you. Thank you. We'll give you a minute for rebuttal. Thank you, Your Honor. As to the waiver issue, the Cunningham case was not decided until 2007, and the original sentencing was in 2004. So there was a change in the law between when this issue was litigated and appealed. Well, except that in the colloquy with the court, the court explains Apprendi, and the court explains Blakely and goes into a long discussion of options one, two, and three, and you can have the jury decide this, which is eventually, of course, what Cunningham says. So the Cunningham equivalent was presented at some length. And so my question is, what does that the waiver that's discussed with the court is, will you allow the judge to exercise discretion under the applicable statutes and rules and so on in lieu of a jury finding on sentencing? And that's what the waiver is about. Why wouldn't that carry over to resentencing where there isn't a new trial, it's just a resentencing? I think for the same reasons the case I cited, People v. Solis, which was the only one I could find that discussed the applicability of a waiver upon a remand. And the court said, well, when a person gives a waiver in the initial proceeding, they couldn't have anticipated that there was going to be a reversal and that their case was going to come back and that it was going to come back on a different footing, basically, than they had initially had when they gave the waiver. And, you know, one could have made the same arguments in Solis that the waiver was carefully explained to him and he knew what he was giving up the first time around. And in that case, they said, no, once you send the case back and they're going to have a new proceeding, you have to give them a jury if he wanted one. And I think the same reasoning would apply here as well. And it is a question of state law, the effect of the waiver. I believe that it is, but the district judge here raised the waiver issue, I think, for the first time in the federal habeas because it wasn't discussed as a waiver question in the court of appeal opinion that I can recall. So I do think that the district court should have deferred to the state law on that and that Solis would control as the closest case on that issue. The other question was, what was the nature of this proceeding, the second sentencing? And there's argument by counsel in front of the trial judge at the resentencing about what the trial judge's authority and discretion was at that point. For example, defense counsel was saying, well, you're collaterally stopped from choosing the high term on this count because when you did the initial proceeding, you chose a middle term. The government was arguing then, no, no, no, because this case was reversed and because now this indeterminate term has been taken out of the equation, you have complete discretion to reconsider everything that was done. And the judge did say specifically, I'm going to rehear the circumstances in aggravation and mitigation. So I submit that there was a complete resentencing here and that the waiver, therefore, that was given in the first trial did not carry over to the second. Thank you, counsel. Thank you. The case just argued is submitted. We appreciate counsel's arguments.
judges: Graber, Rawlinson, Watford